# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE BRACEY KHAN,

    Debtor,

BRACEY KHAN,

    Plaintiff,

v.

MASON COMPANIES, INC. D/B/A STONEBERRY,

    Defendant.

Bankruptcy Case Number 25-80182-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Bracey Khan ("Khan"), makes the following allegations in her complaint against the Defendant, Mason Companies, Inc. d/b/a Stoneberry ("Stoneberry").

## PARTIES

1.    Khan is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on January 29, 2025.

2.    Stoneberry is a corporation organized and existing under the laws of the state of Pennsylvania. At all times material to this complaint, Stoneberry regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Khan did business with Stoneberry within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3.    This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Khan's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship

between Khan and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 13 petition a list of creditors with their names and addresses. Contained in that list was Stoneberry.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing to Stoneberry via electronic transmission from the Bankruptcy Noticing Center on January 31, 2025. (See Exhibit 1 - BNC Certificate of Notice).

6. Stoneberry filed Proof of Claim number 8 in Khan's bankruptcy on February 2,5 2025 (See Exhibit 2 – Proof of Claim 8).

7. As a result of Stoneberry being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of his Chapter 13 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in the Khan's bankruptcy case.

8. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Khan's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Stoneberry from attempting to collect from Khan any pre-petition obligation owed by Khan to Stoneberry.

9. The Plaintiff asserts that despite having both notice and actual knowledge of Khan's bankruptcy case, Stoneberry sent multiple post-petition text emails to Khan in an attempt to collect a prepetition debt owed by Khan to Stoneberry in violation of 11 U.S.C. §362(a)(6).

10. Khan brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

11. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case, having both notice and actual knowledge of the Debtor's bankruptcy case, Stoneberry sent multiple post-petition emails to Khan. The Plaintiff asserts that the Defendant's actions constituted an attempt to collect a pre-petition obligation owed by Khan to Stoneberry in violation of 11 U.S.C. §362(a)(6).

12. Stoneberry sent an email to Khan on February 25, 2025. It stated "Your Payment Due Date Is Approaching… This is your reminder that you have a payment due on your Stoneberry order(s) on February 28, 2025." The email listed "3 easy ways to make a payment" and included a link to make a payment online. (See Exhibit 3 – Stoneberry Email 2-25-25). The Plaintiff asserts that the email from Stoneberry constituted an attempt to collect a prepetition debt owed by Khan to Stoneberry in violation of 11 U.S.C. §362(a)(6).

13. Stoneberry sent another email to Khan on February 27, 2025. It stated "Your Payment Is Due Now… We appreciate your business. Your Stoneberry order(s) payment is due now." The email listed "3 easy ways to make a payment" and included a link to make a payment online. (See Exhibit 4 – Stoneberry Email 2-27-25). The Plaintiff asserts that the email from Stoneberry constituted an attempt to collect a prepetition debt owed by Khan to Stoneberry in violation of 11 U.S.C. §362(a)(6).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

15. Khan has sustained injury and damage as a result of the defendant's violations of the automatic stay. Under 11 U.S.C. §362(k)(1), Khan is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Stoneberry for its willful and intentional violations of the automatic stay. The post-petition collection activity, after

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

receiving notice of Khan's bankruptcy, indicates that Stoneberry does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Khan asks this Court to enter an order:

(A) Awarding Khan compensatory damages against Stoneberry including the reasonable attorney's fees and costs incurred by Khan in the preparation and prosecution of this adversary proceeding;

(B) Awarding Khan punitive damages against Stoneberry for its willful and intentional violations of the automatic stay, such damages being intended to instill in Stoneberry and other creditors due respect for this court and its orders and to deter them from taking similar action against Khan and similarly situated debtors in the future;

(C) Voiding the debt owed to Stoneberry by Khan; and

(D) Granting Khan any additional or different relief this court deems appropriate.

Dated: 3/20/2025

Respectfully submitted,

/s/ *John C. Larsen*
John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Bracey Khan

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com